

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar of Vital Statistics
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5775
Re: The status of birth or death certificates which have only been filed with either the county clerk or the State Registrar, and related questions.

Your written request for an opinion from this department has been received and considered. We quote from your request:

"In H. B. No. 614 passed by the Legislature in 1939, the words 'not previously registered' are used, and this condition is made the basis upon which a citizen may file a record of a birth or death at this time.

"Many certificates are found in the County Clerk's office that are not filed in the State Bureau. On the other hand, records are filed with the State Bureau but not in the County Clerk's office.

"Please advise me first, if a record filed in the County Clerk's office but not in the State Bureau should be considered a birth or death 'not previously registered.'

"Second, if there is a record of a birth or death in the County Clerk's office but not in the State Bureau, how may that record be filed with the State Bureau at this time?

Honorable W. A. Davis, Page 2

"Should the State Registrar accept a certified copy of such a record, if certified to and filed with the State Bureau by the County Clerk?"

The Texas Statutes dealing with vital statistics are found as Rules 34-a to 55-a, inclusive, of Article 4477 of Vernon's Civil Statutes of Texas. Some of these rules have been amended by House Bill No. 821, House Bill No. 624 and House Bill No. 974, respectively, of the Acts of the 47th Legislature, Regular Session.

The issuance of certified copies of birth or death certificates is authorized and imposed upon the State Registrar of Vital Statistics by Rule 54-a, which reads, in part, as follows:

"That the State Registrar shall, upon request, supply to any properly qualified applicant a certified copy of the record of any birth or death registered under provisions of this Act, for the making and certification of which he shall be entitled to a fee of fifty cents (50¢), to be paid by the applicant. And any such copy of the record of a birth or death, when properly certified by the State Registrar, shall be prima facie evidence in all courts and places of the facts therein stated. * * *."

In our Opinion No. O-1386, we held that a county clerk may issue certified copies of birth or death certificates on file with him. The same ruling was said to apply to "delayed" birth or death certificates. From the same opinion, we desire to quote a pertinent sentence, which we think is applicable to your proposition, which reads as follows:

"We wish to call attention, however, to the fact that in issuing certified copies of vital statistics records on file in his office the County Clerk is only certifying to the copies of birth and death certificates filed with him, not to the originals which are recorded with the State Registrar at Austin. Furthermore, in this opinion this department is not ruling upon the effect of the certified copy of a copy issued by the clerk as evidence or its admissibility as evidence in a court of record."

Honorable W. A. Davis, Page 3

We find nothing in the Vital Statistics Act requiring the State Registrar to check the county clerk's records prior to issuing a certified copy of a birth or death certificate on file in the State Registrar's Office. We are, therefore, of the opinion that the State Registrar is authorized to issue a certified copy of a birth or death certificate which is properly on record in his office, even though, said certificate is not of record in the county where the birth or death occurred. For the same reason, it is our opinion that the county clerk may issue a certified copy of a birth or death certificate which is properly on record in that office even though the original thereof is not on record with the State Registrar. Opinion No. 0-1386.

If it is desired to have a certificate of birth or death, that has only been filed with the county clerk, filed with the State Registrar so that that officer may issue a certified copy thereof, we are of the opinion that the only way this can be done is to comply with that portion of Rule 51-a, relating to the filing of unregistered birth or death certificates. Opinion No. 0-1201, a copy of which is enclosed for your convenience and reference. Your first question is therefore answered in the affirmative.

We find no civil remedy given to the State Registrar, under the Vital Statistics Act, to require that certificates of birth or death, that have only been filed with the county clerk of the county where the birth or death occurred, be filed with the State Registrar. The only remedy in case of a disobedience of the law by an officer charged with the duty of handling birth and death certificates, is by criminal prosecution. See Opinion No. 0-1201. Therefore, if an interested properly authorized person desires to have a birth or death certificate, which has not been filed with either the county clerk where the birth or death occurred or, having been filed with such county clerk, but not having been filed with the State Registrar, filed in the manner now required and authorized by the Vital Statistics Act, we believe that such person must proceed under Rule 51-a of the Vital Statistics Act as though such birth or death was unregistered. By this method a record could be properly established and the certificate of birth or death would be authorized and required to be filed in the county where such birth or death occurred as well as with the State Registrar. Your second question is answered accordingly.

We find no authority authorizing or requiring the State Registrar to request or accept a certified copy of a birth or death certificate which was duly filed in the county clerk's office but

Honorable W. A. Davis, Page 4

has never been filed with the State Registrar. The Vital Statistics Act clearly contemplates that the original birth or death certificate be filed with the State Registrar. That said Act required that copies of birth or death certificates be filed with the county clerk is for public convenience. Your third question is therefore answered in the negative.

We trust that in this manner we have fully answered the questions submitted in your request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold M. Cracken

Harold McCracken
Assistant

APPROVED SEP 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

HM:RS

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN